# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE P. HICKEY and<br>PENNY J. HICKEY, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No. 4:11CV12 TCM |
| STATE OF ILLINOIS, et al., | )<br>)<br>) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motions to proceed in forma pauperis. Upon review of the financial information provided with the complaint, the Court has determined that plaintiffs cannot afford to pay the filing fee. As a result, the Court will grant the motions. Additionally, the Court has reviewed the complaint and has determined that venue does not lie in this District.

Plaintiffs are Illinois residents who appear to be contesting a decision of abuse/neglect by the Illinois Department of Children and Family Services regarding plaintiffs' legally adopted daughter. Plaintiffs have named seventeen persons/entities as defendants in this action, including the State of Illinois, two cities in Illinois and an Illinois care center. The additional defendants appear to be Illinois residents, the majority being Illinois state employees.

Plaintiffs have not provided a concrete basis for this Court's jurisdiction, stating only that they "believe" the action could arise under 42 U.S.C. § 1983.

If plaintiffs are, indeed, attempting to bring an action under 42 U.S.C. § 1983, this action may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). None of the requirements of § 1391(b) are present in this case. As a result, venue does not lie in this District.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be within the interest of justice, transfer such case to any district or division in which it could have been brought." Because child custody decisions are generally outside the purview of the federal courts, the Court will dismiss the instant action without prejudice. See Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions to proceed in forma pauperis [Doc. #2 and #3] are **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 31st day of January, 2011.

        /s/ Jean C. Hamilton
        JEAN C. HAMILTON
        UNITED STATES DISTRICT JUDGE